UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL THURMAN,

        Petitioner,                                      Civil No. 06-1400-HA
                                                     LEAD CASE

     v.

J.E. THOMAS, Warden,                            ORDER
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.

HAGGERTY, Chief Judge:

      This action has been designated as the lead case for a series of consolidated prisoner actions that share a potentially dispositive issue regarding how prisoners are ranked by the

1 - ORDER

Bureau of Prisons (BOP) on eligibility wait lists for its Residential Drug Abuse Program (RDAP). Section 3621(b) of the United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Relatedly, Congress made one-year sentence reductions available to certain prisoners who completed the substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B). The reduction provided by § 3621(e) is recognized as a tangible, significant incentive to prisoners to complete a drug abuse program. *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997).

Counsel for petitioners has maintained that a "§ 3621(e) eligible prisoner" (an inmate eligible for the discretionary sentence reduction for up to one year for completing RDAP) should be ranked on the wait list according to his or her **projected § 3621(e) release date**. Conversely, counsel for the government has asserted that the BOP's standard practice is that prisoners are, and have been, ranked on the wait list according to their "**anticipated release date**" and that this date should not incorporate a projected reduction based on successful RDAP completion.

This court has endeavored to compel counsel to conduct the discovery necessary for ascertaining how BOP has calculated release dates for RDAP applicants, and – specifically – whether the standard practice has been to incorporate, or exclude, the potential sentence reduction that may be available to an inmate upon completing RDAP. Counsel acknowledged that there had been little evidence produced concerning what the BOP's "standard practice" has been at the Federal Correctional Institution in Sheridan, Oregon (Sheridan) in calculating release dates for the purpose of ranking the RDAP wait list, or whether the *Thurman* petitioners are

2 - ORDER

being subjected to different wait list calculations than other § 3621(e) eligible prisoners. Accordingly, pursuant to a suggestion by the government counsel, the parties were ordered to "undertake sufficient discovery efforts to ascertain whether the BOP's standard practice at Sheridan has been to incorporate, or exclude, the potential sentence reduction that may be available for completing DAP when calculating release dates for purposes of the wait list rankings." Order of November 2, 2007.

In that Order, the BOP was directed to identify its standard practice for calculating release dates for purposes of the RDAP wait list rankings. Upon receipt of the discovery, counsel were to confer and file a joint status report indicating whether the BOP's standard practice has been to incorporate, or exclude, the potential sentence reduction that may be available for completing DAP when calculating release dates for purposes of the wait list rankings. Alternatively, if counsel were unable to agree after examining the discovery, counsel were ordered to file "individual status reports expressing their conclusions regarding the matter, with sufficient citation and documentation to the evidence produced." *Id*.

Counsel for the government failed to comply with this directive. Instead, counsel submitted a "status report" that merely described attachments that were included with it:

> Attached are the following wait lists for entry into the RDAP program at FCI Sheridan:
>
> 1. Exhibit 1: Non-Inclusive wait lists from April, 2005 through November, 2007, as provided by Dr. Eric Evenson at FCI Sheridan. Effective dates of each list is noted on top left of the individual documents;

>2. Exhibit 2: Wait list generated by inmate name from January 1, 2000 through November 24, 2007, as provided by BOP Central Office; and
>
>3. Exhibit 3: Declaration of Theresa Talplacido, BOP Regional Counsel.

Resp't. Status Report filed December 14, 2007, at 2.

Counsel for petitioners sought two extensions for purposes of studying the discovery that was produced. Subsequently, petitioners filed a "Memorandum Relating to Discovery" that reported that the BOP's discovery production was incomplete and non-responsive to this court's instructions:

>The discovery is not responsive to the Court's order because most of it is incomprehensible and lacks essential information necessary to determine rankings of prisoners' entry into the program.
>
>Exhibit 1 is merely a set of computer generated lists of prisoners on the wait list sorted according to projected release date. The rosters do not reflect prisoners' actual ranking on the wait list because they lack critical information such as the prisoner's eligibility for the sentence reduction, and whether and when prisoners entered the DAP program.

Pet. Mem. Relating to Disc.at 4.

Petitioners conclude that the nature of the BOP's production, and the reasonable inferences it permits, suggest that the BOP has been inconsistent regarding the manner that prisoners were admitted into and commenced the RDAP. Petitioners urge the court to construe the BOP's statutory duties pertaining to wait list calculations as requiring the inclusion of the prisoner's projected § 3621(e) release date. *Id*. at 6-7.

4  - ORDER

The government has offered no comment or rebuttal to petitioners' analysis of the discovery and their subsequent argument. Accordingly, the court is compelled to view petitioners' position as unopposed. Therefore, counsel for petitioners shall file Proposed Orders and Judgments reflecting fair, good faith resolutions to the petitions pending in *Thurman v. Thomas*, Civil No. 06-1400-HA-LEAD, and each of the petitions consolidated therein. These proposed rulings shall be filed within thirty days of this Order.

Any objections to any proposal must be filed by the government no later than ten days after that proposal is filed. The court will construe any failure to adhere to this schedule as a final waiver of objections by the government.

**CONCLUSION**

For the foregoing reasons, this court is compelled to construe petitioners' position that an inmate eligible for the discretionary sentence reduction for up to one year for completing RDAP should be ranked on the wait list according to his or her projected § 3621(e) release date as unopposed. Counsel for petitioners shall file proposed Orders and Judgments as detailed above. Other pending motions in these consolidated cases, including petitioner's Motion to Show Cause [36] and petitioner's Motion For Leave to File a Response [52] in *Woodward v. Thomas*, Civil No. 786-HA, are denied as moot.

IT IS SO ORDERED.

DATED this  25   day of September, 2008.

                                                   /s/ Ancer L. Haggerty
                                               Ancer L. Haggerty
                                       United States District Judge